## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DIANE J. COHEN,                              )<br>                                                        )<br>              Plaintiff,                         )<br>                                                        )      2:13-cv-02294-RCJ-CWH<br>     vs.                                              )<br>                                                        )<br>DR. VITA, INC.,                                 )      **ORDER**<br>                                                        )<br>              Defendant.                       )<br>_____ ) | |

This case arises out of alleged sexual discrimination and harassment and alleged retaliation for having reported the situation to superiors. Pending before the Court is a Motion to Dismiss (ECF No. 8) and a Motion for a More Definite Statement (ECF No. 10). For the reasons given herein, the Court grants the motion to dismiss in part, with leave to amend, but otherwise denies the motions.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Diane J. Cohen was employed by Defendant Dr. Vita, Inc. ("DVI") in Las Vegas, Nevada from March 10, 2012 until February 8, 2013. (Compl. ¶¶ 1, 13, Dec. 17, 2013, ECF No. 1). From November 2012 to February 2013, she was subjected to sexual discrimination and harassment by non-party co-worker Mario Luna, who made unwelcome, sexually explicit comments to her in person and through telephone conversations, text messages, video-chat messages, such as describing sexual dreams he had had about her, making sexual remarks about her body, and soliciting sexual acts from her. (*See id.* ¶¶ 13–14). Plaintiff complained about Luna's behavior to non-parties Supervisor Garrett Miller, Chief Operating Officer Bobby Brar,

1    and Chief Financial Officer Roger Sanghavi on February 5, 2013, and they failed to address the

2    situation. (*Id.* ¶¶ 13, 15). DVI also had no written policies or training materials concerning

3    sexual harassment in the workplace. (*Id.* ¶ 17). In response to Plaintiff's complaints, DVI

4    retaliated against Plaintiff by terminating her three days later. (*See id.* ¶ 18). When Plaintiff

5    arrived at work on February 8, 2013, her keys and computer password were inoperative, and

6    Miller called her into a meeting where two police officers were waiting for her. (*Id.*). Miller

7    explained that she had been terminated for having embezzled $100 worth of merchandise by

8    using "points" to receive discounts on personal items purchased through the DVI website. (*Id.*).

9    Plaintiff was charged with embezzlement in *State of Nevada v. Diane Cohen*, No. 13M06154X in

10   the Clark County Justice Court. (*Id.* ¶ 19). The State, however, voluntarily dismissed the case for

11   lack of evidence. (*Id.* ¶ 20). DVI also contested Plaintiff's application for unemployment

12   benefits based upon the alleged wrongdoing, and the Appeals Referee ruled in Plaintiff's favor.

13   (*Id.*).

14        Plaintiff sued Defendants in this Court for: (1) "Discrimination and Harassment on the

15   Basis of Sex and Gender" under §§ 1981 and 2000e, Title VII, and NRS section 613.330; (2)

16   Retaliation under § 2000e-3, Title VII, and NRS section 613.340; (3) Intentional Infliction of

17   Emotional Distress; (4) Malicious Prosecution; and (5) Abuse of Process. Defendant has moved

18   to dismiss claims four and five for failure to state a claim and has asked for a more definite

19   statement as to the first and second claims.

20   **II.    LEGAL STANDARDS**

21        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

22   claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

23   what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

24   (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

25   that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

1  motion to dismiss" without converting the motion to dismiss into a motion for summary
2  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
3  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
4  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court
5  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
6  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
7  2001).

## III.   ANALYSIS

Defendant first asks the Court to dismiss the malicious prosecution claim. "[T]he elements of a malicious prosecution claim are: '(1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage.'" *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (quoting *Jordan v. Bailey*, 944 P.2d 828, 834 (Nev. 1997)). "A malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff." *Id.* at 879–80.

Defendant argues that there were never any criminal proceedings to terminate in this case because the state voluntarily dismissed the charges. The fact that charges are dropped early in a prosecution will of course be relevant to what damages can be proved, i.e., attorney's fees and the like, but otherwise the fact simply tends to show that the prosecution was in fact without merit. It has long been accepted that a prosecution commences as soon as forces have been put in motion that could result in criminal punishment. The "citation" or other charging instrument in this case is probably sufficient. Whether and how much harm resulted in this case is a question of fact. Defendant may ultimately be able to prove on summary judgment or at trial that no governmental action constituting a criminal proceeding was ever taken, but the claim is sufficiently pled. Plaintiff alleges that she was "charged" with embezzlement in a case that was

given a case number in the state court system.  That is easily enough to allege that a criminal proceeding began.  She also alleges that the case was *voluntarily dismissed*, which is quite different from having been *declined for prosecution*.  In the latter case, no case number is obtained, because there is no case—the state has received a private complaint but has chosen not to file charges.  No malicious prosecution lies under such circumstances.  But dismissal, voluntary or not, cannot happen until a case exists in the courts—there must be something for a court to dismiss—and Plaintiff has alleged that to be the case here.  Of course, if Plaintiff has characterized the present situation as charging and voluntary dismissal (both in the Complaint and in opposition to the present motion to dismiss) when in fact the state simply declined to prosecute based upon Defendant's complaint, Plaintiff and/or Plaintiff's counsel can expect to be sanctioned under Rule 11, but Plaintiff has sufficiently alleged a malicious prosecution.

Next, Defendant asks the Court to dismiss the abuse of process claim.  "[T]he elements of an abuse of process claim are: '(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding.'" *LaMantia*, 38 P.3d at 879 (quoting *Posadas v. City of Reno*, 851 P.2d 438, 444–45 (Nev. 1993) (quoting *Kovacs v. Acosta*, 787 P.2d 368, 369 (Nev. 1990))).  Unlike a malicious prosecution claim, an abuse of process claim requires that in addition to an improper purpose, there must be an improper use of legal process, which is typically taken to mean not merely the malicious filing of unmeritorious complaints but the use of "summons[es], subpoenas, attachments, garnishments, replevin . . . , arrest . . . , injunctive orders, and other orders directly affecting obligations of persons or rights in property." Dan. B. Dobbs, *The Law of Torts* § 438, at 1235–36 (2000).  Plaintiff has sufficiently alleged that DVI used the criminal process in an attempt to support its denial of unemployment benefits.  However, she has not alleged the use of process beyond having filed the malicious complaint.  Any damages sustained as the result of the malicious prosecution will be recoverable, if proven, in any case, including those sustained in

prosecuting the unemployment action. The Court therefore dismisses this claim, with leave to amend.

Next, Defendant asks for a more definite statement as to the first and second claims. The Court denies the motion. The Court reads the first claim as a claim for sex-based hostile workplace environment ("HWE") under Title VII. "Sex" and "gender" are both identified as bases of the claim. Although the concepts of sex and gender may be viewed distinctly in academia, they are essentially synonymous under Title VII, at least in the context of the present case. Nor are the citations to various federal laws confusing. Section 1981 applies only to racial discrimination, which is not alleged here. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975). Section 2000e *et seq.* is the part of the United States Code containing Title VII of the Civil Rights Act of 1964. Finally, the state law claim appears redundant with the Title VII claim. Accordingly, the second claim is one for retaliation under Title VII based upon DVI's alleged termination of Plaintiff for having complained about the HWE.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED IN PART and DENIED IN PART. The abuse of process claim is dismissed, with leave to amend.

IT IS FURTHER ORDERED that the Motion for a More Definite Statement (ECF No. 10) is DENIED. The first and second claims will be treated as claims for sex-based hostile HWE and retaliation under Title VII, respectively.

IT IS SO ORDERED.

Dated this 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge